Brendan P. Cullen (SBN 194057)
(cullenb@sullcrom.com)
Sverker K. Hogberg (SBN 244640)
(hogbergs@sullcrom.com)
Alexis C. Holmes (SBN 321393)
(holmesa@sullcrom.com)
SULLIVAN & CROMWELL LLP
550 Hamilton Avenue
Palo Alto, CA 94301
Telephone:  (650) 461-5600

*Counsel for Defendants Wells Fargo &*
*Company, Charles W. Scharf, Kleber R.*
*Santos, and Carly Sanchez*

[*Additional counsel listed on signature page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB and WEST PALM BEACH FIREFIGHTERS' PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiffs,<br><br>      v.<br><br>WELLS FARGO & COMPANY, CHARLES W. SCHARF, KLEBER R. SANTOS and CARLY SANCHEZ,<br><br>                       Defendants. | Case No. 3:22-cv-03811-TLT<br><br>**DEFENDANTS' LR 79-5(c)(1) STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Pursuant to Civil Local Rule 79-5(c)(1) and (f) of the U.S. District Court for the Northern District of California, Defendants Wells Fargo & Company, Charles W. Scharf, Kleber R. Santos and Carly Sanchez (collectively, "Defendants") submit this Statement in Response (the "Statement in Response") to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed in Regard to Plaintiffs' Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel (ECF No. 181).  Defendants respectfully request that the names and job titles of nonparty current and former employees referenced in Exhibits 2-4, 12-15 and 19 to Plaintiffs' Motion to Certify Class, Appoint Class Representatives, and Appoint Class Counsel ("Plaintiffs' Motion to Certify Class") remain under seal.  Defendants have concurrently filed the Declaration of Brendan P. Cullen in support of this Statement in Response.  Defendants have also attached unredacted versions of Exhibits 2-4, 12-15 and 19 to the Declaration.  The unredacted versions are highlighted to show the portions that Defendants propose to redact.

## BACKGROUND

Plaintiffs' Motion to Certify Class attaches as exhibits several documents, including certain documents produced by Wells Fargo that are designated as confidential pursuant to the terms of the parties' Stipulated Protective Order, entered by the Court on October 9, 2024 (ECF No. 160).  Exhibits 2-4, 12-15, and 19 are internal Wells Fargo e-mails and documents that contain personally identifying information of several nonparty current or former employees.  Defendants previously moved to seal similar information in a report that was attached to Defendants' Motion to Dismiss the Amended Complaint (ECF No. 121).  The Court granted Defendants' administrative motion on October 24, 2023 (ECF No. 123).  Defendants accordingly submit this Statement in Response requesting permission to file Exhibits 2-4, 12-15 and 19 on the public docket with redactions to protect the privacy of the nonparty individuals referenced therein.

## ARGUMENT

A party must demonstrate "compelling reasons" "to seal judicial records attached to a dispositive motion." *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  It is well established that "[t]here is a compelling reason for sealing" where "the disclosure of [] non-party employees' names would infringe on those individuals' privacy rights." *In re Volkswagen "Clean Diesel"*

*Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2016 WL 11807130, at \*2 (N.D. Cal. Aug. 24, 2016) (quoting *Kamakana*, 447 F.3d at 1178); *see also Hunt* v. *Cont'l Cas. Co.*, 2015 WL 5355398, at \*2 (N.D. Cal. Sept. 14, 2015) (redacting names where that information "implicates important privacy concerns of nonparties — whose names are not relevant to the disposition of this case — that outweigh the public's interest in disclosure of these judicial records"); *Music Grp. Macao Com. Offshore Ltd.* v. *Foote*, 2015 WL 3993147, at \*2 (N.D. Cal. June 30, 2015) ("Disclosure of [nonparty former employees' identities] would infringe the privacy rights of those two individuals, which constitutes a compelling reason for sealing."); *Murphy* v. *Kavo Am. Corp.*, 2012 WL 1497489, at \*1 (N.D. Cal. Apr. 27, 2012) ("Employees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information[.]"). In addition, "sealing the employees' job titles is also necessary where the job title can identify the employee." *In re Volkswagen*, 2016 WL 11807130, at \*2.

Defendants' narrow and targeted redactions here are consistent with this standard. Defendants have proposed redactions to exhibits in order to maintain the confidentiality of the names and identifying job titles of nonparty employees who participated in an internal investigation conducted by the Company. The "disclosure of the[se] non-party employees' names would infringe on those individuals' privacy rights." *Id.* at \*2. Moreover, there is "minimal public interest in this information." *Id.* That is because the identities of these individuals — which do not appear in Plaintiffs' Motion to Certify Class — are "not relevant to the disposition of" Plaintiffs' Motion and thus "implicate[] important privacy concerns . . . that outweigh the public's interest in disclosure." *Hunt*, 2015 WL 5355398, at \*2. Because disclosing the names and job titles of those employees would infringe on their privacy rights and support little if any public interest, there are compelling reasons to seal this information.

### CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court enter the enclosed proposed order permitting the sealing of certain information in Exhibits 2-4, 12-15 and 19 to Plaintiffs' Motion to Certify Class.

SULLIVAN & CROMWELL LLP

DEFENDANTS' LR 79-5(C)(1) STATEMENT
CASE NO. 3:22-CV-03811-TLT

Dated:  January 24, 2025

Respectfully submitted,

**SULLIVAN & CROMWELL LLP**

By:    /s/ *Brendan P. Cullen*
          BRENDAN P. CULLEN (SBN 194057)
          (cullenb@sullcrom.com)
          SVERKER K. HOGBERG (SBN 244640)
          (hogbergs@sullcrom.com)
          Alexis C. Holmes (SBN 321393)
          (holmesa@sullcrom.com)
          550 Hamilton Avenue
          Palo Alto, CA  94301
          Tele:   (650) 461-5600
          Fax:    (650) 461-5700

          CHRISTOPHER M. VIAPIANO (*pro hac vice*)
          (viapianoc@sullcrom.com)
          1700 New York Avenue N.W., Suite 700
          Washington, D.C.  20006
          Tele:   (202) 856-7500
          Fax:    (202) 293-6330

          LEONID TRAPS (*pro hac vice*)
          (trapsl@sullcrom.com)
          125 Broad Street
          New York, NY  10004
          Tele:   (212) 558-4000
          Fax:    (212) 558-3588

          *Counsel for Defendants Wells Fargo & Company, Charles W. Scharf, Kleber R. Santos, and Carly Sanchez*

-4-