UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEB INVESTMENT MANAGEMENT AB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 22-cv-03811-TLT<br><br>**QUESTIONS FOR THE PARTIES REGARDING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Re: Dkt. No. 254 |

**I.   TERMS OF THE SETTLEMENT AGREEMENT**

1. <u>To Plaintiffs</u>: Plaintiffs' counsel will seek up to 25% of the settlement fund, subject to Court approval. ECF 254 at 16.
   a. Discuss whether Plaintiffs' counsel propose an upper limit on the fees they will request. Please designate a monetary amount. What is the lodestar?
   b. Discuss whether Plaintiffs' counsel have a current estimate of Plaintiffs' counsel's attorneys' fees, litigation costs, administrative fees.
   c. Discuss whether this settlement differs from other preliminary approval settlements. If so, how.
2. <u>To Both Parties</u>: Please provide the estimated Net Settlement Amount (Settlement Amount minus fees, costs, and awards) that will be available to participating Class Members.

**II.   PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT**

3. <u>To Both Parties</u>: The Parties indicate that under the Settlement Agreement, released claims include claims that both (1) "arise out of, are based upon, or relate to in any way

any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action," and (2) "arise out of, are based upon, or relate in any way the purchase or other acquisition of Wells Fargo common stock between February 24, 2021 and June 9, 2022, inclusive." ECF 254 at 8; 254-1 ¶1(b).

    a. As the Parties are aware, disclosure is required with respect to the differences between released claims and claims in the complaint. *See* N.D. Cal. Guid. ¶ 1(b).

    b. Please discuss the differences between the Released Claims under the Settlement Agreement and the claims in the complaint in this action.

4. <u>To Both Parties</u>:  As the Parties are aware, *Low v. Trump Univ., LLC*, 881 F.3d 1111, (9th Cir. 2018) stands for the proposition that Rule 23(e)(4) does not require a second opt-out period in connection with the Settlement process.

    a. Discuss the factors that the Court should consider when determining whether a second opt-out period is necessary.

        i. In answering this question, please consider how a second opt-out period impacts the Court's fair, adequate, and free of collusion assessment.

        ii. In answering this question, provide citations to binding and persuasive caselaw.

### III.   PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION

1. <u>To Both Parties</u>: The Court must consider whether notice of the proposed settlement is adequate. *See Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982) ("[T]he class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice; the notice must indicate that a dissident can object to the settlement and to the definition of the class . . .").

    a. The Settlement Agreement provides that the Postcard Notice will be "mail[ed] and/or email[ed]" to Class Members.  ECF 254-1 ¶ 19.  Please discuss how the Claims Administrator will determine whether to email, mail, or use both

2

methods to distribute Postcard Notice to Class Members.

The parties are encouraged to respond to the Court's questions in writing by **October 24, 2025**, end of business day.

The parties will have 30 minutes for oral argument and presentation on Tuesday, October 28, 2025. Follow-up questions may be provided at the hearing. If any adjustments are needed to the proposed order for signature, please forward prior to the hearing. Also include key dates for future hearings.

IT IS SO ORDERED.

Dated: October 22, 2025

_____
TRINA L. THOMPSON
United States District Judge